IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK C. ROKITA, JR.
    *Petitioner*,

v().

BARRY SMITH; THE DISTRICT
ATTORNEY OF THE COUNTY
OF MONTGOMERY; and,
ATTORNEY GENERAL OF PA
    *Respondents*.

CIVIL ACTION
NO. 18-5183

## MEMORANDUM

Jones, II J.                                                                                                                                             March 4, 2020

### I.    Introduction

The instant matter arises from a conviction via guilty plea to charges of Possession With Intent to Deliver a Controlled Substance and Unlawful Possession of a Firearm, entered on January 8, 2014, in the Montgomery County Court of Common Pleas. (Ct. Com. Pl. Crim. Docket, No. CP-46-CR-0000749-2013 at 1.) That same day, Petitioner was sentenced to an aggregate term of nine-and-a-half (9½) to twenty (20) years' imprisonment. Petitioner now seeks habeas relief from his state court convictions. Pursuant to Local Civil Rule 72.1.IV(c), the matter was referred to United States Magistrate Judge Marilyn Heffley for a Report and Recommendation ("R&R"). Judge Heffley issued an R&R denying Petitioner's request for relief. (ECF No. 7.) Petitioner filed Objections to the R&R and the Commonwealth responded thereto. (ECF Nos. 10, 14.) For the reasons set forth below, Petitioner's Objections shall be overruled.

## II. History

### A. Factual Background

Petitioner was arrested by officers of the Pottstown Police Department on October 8, 2011, May 16, 2012, September 1, 2012, December 20, 2012, and September 28, 2013 for various drug and weapons offenses. (Ct. Com. Pl. Crim. Dkt. at 1.) Several of the charges were *nolle prossed* and on January 8, 2014, Petitioner pleaded guilty to the remaining charges. *See generally* Trial Tr., Jan. 8, 2014; *see also* Ct. Com. Pl. Crim. Dkt. at 6-8. Specifically, Petitioner pleaded guilty to five counts of Possession With Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30), and one count of Unlawful Possession of a Firearm, 18 Pa.C.S.A. § 6105(a)(1). As stated above, Petitioner was thereafter sentenced to an aggregate term of nine-and-a-half (9½) to twenty (20) years' imprisonment. (Trial Tr. 37, Jan. 8, 2014).

At Petitioner's sentencing, his trial counsel, Attorney Robert Datner, requested that the court "consider making him RRRI[1] eligible in this case." (Trial Tr. 37, Jan. 8, 2014). Datner stated that, based on the charges, he believed Petitioner was eligible. (Trial Tr. 37, Jan. 8, 2014). The following exchange then occurred by and between the court, Datner, and Assistant District Attorney Kathleen McLaughlin:

| | |
|---|---|
| COURT: | You know, I looked at that and I don't know. Ms. McLaughlin, what's the Commonwealth's position? |
| McLAUGHLIN: | I mean, with a person that has possessed, I'm not sure. I don't think— |

---

[1] The acronym "RRRI" stands for "Recidivism Risk Reduction Incentive"- an incentive available to certain eligible offenders and established in 61 Pa.C.S.A. §§ 4501, *et seq.* Under RRRI, "[t]he court shall determine if the defendant is eligible for a recidivism risk reduction incentive minimum sentence [and] . . . [i]f the defendant is eligible, the court shall impose a recidivism risk reduction incentive minimum sentence in addition to a minimum sentence and maximum sentence[.]" 42 Pa.C.S. § 9756(b.1). The RRRI minimum sentence is "equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S.A. § 4505(c)(2).

2

| COURT: | I don't [think] he can. I think the gun charge knocks him out. |
|---|---|
| DATNER: | I'm not sure, to tell you the truth. I didn't think- |
| McLAUGHLIN: | And with drug charges, certain amounts knock him out as well. |
| COURT: | I'll tell you what. I'm not going to make him eligible right now, but if you research it— |
| DATNER: | Okay. |
| COURT: | Talk to the D.A. And you don't even have to come to an agreement. You can ask for another hearing. |
| DATNER: | All right. |
| COURT: | We can either bring him back or have him by video. We do that a lot. |
| DATNER: | Okay. I'll look into it. |
| COURT: | You can just ask me to modify the sentence or amend the sentencing sheet if RRRI seems appropriate. |
| DATNER: | Yeah. |
| COURT: | Okay? |
| DATNER: | Great. Thank you. |

(Trial Tr. 38-39, Jan. 8, 2014.)

The record reflects that Petitioner subsequently filed a *pro se* Motion to Modify or Reduce Sentence on January 17, 2014. (Ct. Com. Pl. Crim. Dkt. at 12.) The trial court dismissed Petitioner's Motion on January 24, 2014. (Ct. Com. Pl. Crim. Dkt. at 13.)

3

B.  **Procedural Background**

   i.  **Direct and Collateral Appeals**

Petitioner did not file a direct appeal from the judgment of conviction. However, on December 24, 2014, Petitioner filed a petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. §§ 9524, *et seq.* ("PCRA"), raising multiple claims of trial counsel ineffectiveness. New counsel was appointed and the PCRA court ultimately denied relief on May 1, 2015. Petitioner then filed a second *pro se* PCRA petition on November 10, 2016, alleging his sentence was illegal because the trial court failed to determine Petitioner's eligibility for an RRRI minimum sentence. The PCRA court dismissed said petition as untimely, and the Superior Court affirmed the dismissal on November 9, 2017. *Commonwealth v. Rokita*, No. 1095 EDA 2017 (Pa. Super. Nov. 9, 2017). The instant Petition followed.

   ii.  **Habeas**

As a preliminary matter, this Court notes that the Clerk of the Court received Petitioner's habeas petition on November 30, 2018. Said Petition was dated November 22, 2018. Because "a *pro se* prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court[,]" the instant Petition shall be deemed to have been filed on November 22, 2018. *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

Petitioner raises two grounds for relief, which are as follows:

1. His sentence is illegal because he was not given the opportunity to prove his eligibility for the RRRI minimum sentence; and,

2. Both trial and PCRA counsel were ineffective because they failed to raise the RRRI sentencing issue.

(Habeas Pet. 7-10.)

In response, the Montgomery County District Attorney's Office contends the petition is untimely, and that it is not subject to equitable tolling.

United States Magistrate Judge Marilyn Heffley has issued an R&R, in which she recommends dismissal of both of Petitioner's claims based on their untimeliness. Petitioner has objected to Judge Heffley's finding that his claims are not subject to equitable tolling. The Commonwealth has responded to Petitioner's Objections and the matter is now ripe for review by this Court.

### III. Standard of Review

When objections are filed to the R&R of a Magistrate Judge, the district court must conduct a *de novo* review of those portions of the R&R to which objections are made. 28 U.S.C. §636(b)(1). If there are no objections to the R&R, or when reviewing those portions of the R&R to which no objections are directed, the court, as a matter of good practice, should "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) ("In the absence of a timely objection . . . this Court will review [the Magistrate's] Report and Recommendation for 'clear error.'") (citations omitted).

### IV. Discussion

Petitioner argues his claims of an illegal sentence and ineffective assistance of counsel meet AEDPA's standard of equitable tolling, because "individual claims within a habeas application may be reviewed separately for timeliness" and he has exercised due diligence. (Pet'r Obj. 1-2) (citing *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004)).

Pursuant to 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

It is well settled that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). This is because the AEDPA "statute of limitations defense . . . is not 'jurisdictional[]' [and] [i]t does not set forth 'an inflexible rule requiring dismissal whenever' its 'clock has run.'" *Id.* (internal citations omitted). Thus, a petitioner is entitled to equitable tolling in certain limited circumstances but *only* if he shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Miller v. N.J. State Dep't of Corr.*, 145 F.3d 616, 617 (3d Cir. 1998) (holding that equitable tolling only applies when a petitioner has been "extraordinarily prevented" from asserting his rights).

Here, there is no dispute as to the petition's untimeliness. Petitioner's state conviction became final on February 9, 2014. Once he filed his first PCRA petition on December 24, 2014, Petitioner's one-year deadline for filing a federal habeas petition was tolled. 28 U.S.C. § 2244(d)(2). Petitioner's PCRA petition was denied on May 1, 2015, therefore the AEDPA's statutory tolling exception remained in effect until that decision became final on June 1, 2015. Prior to statutory tolling, 320 days of Petitioner's one year filing period had passed. Thus, Petitioner had 42 days, or until July 13, 2015, to file a timely federal habeas petition. The instant Petition was filed more than three years beyond the deadline.

Petitioner acknowledges the untimeliness of his Petition, but argues that equitable tolling should apply because he exercised due diligence "over and over." (Pet'r Obj. 2.) In both his Petition and Objections, Petitioner fails to provide any explanation of *how* he exercised due diligence; he merely declares that he did so. Similarly, Petitioner does not address the second prong of the *Holland* standard, as he does not allege any "extraordinary circumstances" which prevented his timely filing. *See Helo v. Mooney*, CIVIL ACTION No. 13-3462, 2013 U.S. Dist. LEXIS 180059, at *11 (E.D. Pa. Nov. 20, 2013) ("In a non-capital case, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling. [Petitioner] has failed to explain what circumstances prevented him from filing a habeas petition . . . or what prompted him to make such a filing despite his attorney's allegedly erroneous advice. [Petitioner] has not demonstrated that equitable tolling of the AEDPA statute of limitations is warranted.") (quotation marks and citation omitted); *see also Saeed v. McGinley*, Civil Action No. 18-906, 2019 U.S. Dist. LEXIS 136517, at *18 (E.D. Pa. Aug. 9, 2019) (habeas petition challenging sentence imposed on state court conviction was deemed "untimely under 28 U.S.C. § 2244(d)"

7

and Petitioner failed to "assert[ ] a basis for any equitable tolling that would excuse him from compliance with the timeliness requirement for habeas review."); *Sepulveda-Aldecoa v. Luther*, Civil Action No. 5:18-CV-03842-CMR, 2018 U.S. Dist. LEXIS 196127, at *9 (E.D. Pa. Nov. 15, 2018) ("Although claims of illegal sentences cannot be waived under Pennsylvania law, petitioners still must comply with the AEDPA's timeliness requirements, for the claims to be considered on habeas review.") (citations omitted).

Because Petitioner herein has provided this Court with no evidence of due diligence or extraordinary circumstances, his Petition must be deemed untimely without exception.

## V. Conclusion

For the reasons set forth hereinabove, Petitioner's Objections shall be overruled.

An appropriate Order follows.

BY THE COURT:

_____
C. Darnell Jones, II            J.

8